In the Matter of ANDREWS BRUCE CAMPBELL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 1991

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Andrews Bruce Campbell was admitted to prac-

tice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, First Judicial Department, on March 31, 1969.

On August 21, 1987, following a jury trial, defendant was convicted in the United States District Court for the District of Maine of one count of conspiracy to possess marihuana with intent to distribute, in violation of 21 USC § 841 (b) (1) (D) and § 846 and 18 USC § 2, and one count of possession of marihuana with intent to distribute, in violation of 21 USC § 841 (a) (1); (b) (1) (D) and 18 USC § 2. On November 5, 1987, he was sentenced to one year imprisonment and a $5,000 fine on count one to run concurrently with one year imprisonment and a special parole term of three years on count two. In addition, a $50 felony assessment was imposed on each count.

As a result of respondent's conviction, on April 14, 1988 petitioner Departmental Disciplinary Committee filed a "serious crime" petition pursuant to section 90 (4) of the Judiciary Law. On June 23, 1988, this court suspended him from the practice of law until further order. Respondent thereafter requested a mitigation hearing under Judiciary Law § 90 (4) (h), and the matter was referred to the Departmental Disciplinary Committee to hear, report and recommend on the final sanction to be imposed.

The ensuing hearing was not convened until September 26, 1990, when respondent had been released from prison and was finally able to travel to New York for an appearance, at which he acted *pro se.* Although he appears to have testified truthfully at the hearing concerning his long-standing alcohol and substance abuse problem and the underlying facts behind his conviction in Maine, where he had been a solo practitioner, and he was remorseful, accepting full responsibility for his behavior, the fact remains that he voluntarily and consciously embarked upon the criminal enterprise of selling marihuana. Moreover, he assisted one of his clients in committing a crime. Respondent has previously been disbarred in Maine, his State of residence, and the District of Columbia.

Accordingly, petitioner's motion for an order confirming the findings of fact, conclusions of law and recommendation of the Hearing Panel, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), and disbarring respondent is granted, and he is disbarred from practice as an attorney and counselor-at-law, retroactive to June 23, 1988, the effective date of this court's order of interim suspension.

SULLIVAN, J. P., MILONAS, ROSENBERGER, KUPFERMAN and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York retroactive to June 23, 1988, as indicated.